UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------------------X
FLOWER THOMPSON,

                            Plaintiff,                    Civil Action No.

  -against-                                  **COMPLAINT**

BROWARD COUNTY                    Plaintiff Demands A
                                                     Trial by Jury
                            Defendant.
-------------------------------------------------------------------X

    Plaintiff, FLOWER THOMPSON, as and for her complaint against the above Defendant respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress, and seeks damages to redress the unlawful employment practices toward Plaintiff and injuries Plaintiff has suffered as a result of being discriminated against, and retaliated against by her employer solely due to her sex and gender.

## JURISDICTION AND VENUE

2. This action involves a question of Federal Law under Title VII of the Civil Rights Act of 1964.

3. Plaintiff is a citizen of the State of Florida. Plaintiff resides in Broward County, Florida.

4. At all times material, Defendant BROWARD COUNTY (herein after also referred to as "Defendant" or "BROWARD") was and is a government entity duly organized and existing under the laws of the State of Florida and authorized to conduct business in the State of Florida.

5. Venue is proper in this district based upon the fact that Defendant's own and operate an

the Office of Regional Communications and Technology within Broward County, Florida, within the Southern District of Florida. Additionally, the events and actions giving rise to this Complaint took place within Broward County, in the Southern District of Florida.

6. On or around September 18, 2018, Plaintiff dual filed charges with the EEOC against Defendant as set forth herein.

7. On or around September 27, 2019, the EEOC issued Plaintiff a Right to Sue Letter.

8. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

## PARTIES

9. Plaintiff FLOWER THOMPSON (hereinafter referred to as "Plaintiff") is an individual woman residing in the State of Florida, Broward County.

10. Plaintiff is a Hispanic woman.

11. Defendant BROWARD COUNTY (hereinafter referred to as "Defendant") was, and still is, a business entity authorized to do business in the State of Florida.

12. Defendant is the county of Broward County.

## MATERIAL FACTS

13. Plaintiff began working for Defendant on or about February 13, 2017 in the Human Resources Department.

14. On or about August 14, 2017, Plaintiff was promoted to the position of Administrative Coordinator in the Office of Regional Communications and Technology (ORCAT) division.

15. On or about October 2017, Plaintiff had applied for the E911 Senior Systems Network Analyst Position.

16. At all times relevant hereto, Antonio Sabin was Plaintiff's manager and held the title E911 Communications Administrator.

17. At all times relevant hereto, Scott Medvin supervised Plaintiff and held the Senior Administrative Officer position.

18. A short time after applying for the E911 Systems Network Analyst Sr. Position, Plaintiff overheard Antonio Sabin speaking with Scott Medvin regarding Plaintiff's application for the E911 Senior Systems Network Analyst Position in a laughing manner. Both Mr. Sabin and Mr. Medvin failed to realize that Plaintiff's desk was right across from both of them and that she could hear everything they were saying.

19. Specifically, Plaintiff overheard Mr. Sabin say (in sum and substance) that "if she [referring to Plaintiff] thought she was even going to get an interview she was sadly mistaken for females never get first ranking positions, only men."

20. On or about April 24, 2018, Plaintiff heard Mr. Sabin tell Mr. Scott Medvin (in sum and substance): "if more men were hired here that they would not have so much female drama."

21. Subsequently, Plaintiff overheard Scott Medvin who was speaking with one of Plaintiff's co-workers – Amber Harper – who was also an Administrative Coordinator. Mr. Medvin and Ms. Harper were discussing what tasks Ms. Harper wanted assigned to her. Tasks were to be distributed between Ms. Harper and two other employees, including Plaintiff. Mr. Medvin told Ms. Harper that she could have whatever task she wanted and that the remainder of the tasks would be given to Plaintiff and Ms. Lucia Wildman. Mr. Medvin then informed Ms. Harper that "our kind" has to stick together compared to "those people". He then said: "Oh I hope she's not there" (referring to Plaintiff, as Plaintiff's desk was near Mr. Medvin's desk where the conversation with Ms. Harper was taking place). Ms. Harper replied: "she is there, but I don't think she heard anything".

22. Following the conversation between Ms. Harper and Mr. Medvin, Plaintiff has been given fewer tasks and certain tasks have been removed all together. Plaintiff's chances of

3

being considered for promotions were negatively impacted by the lessoned ability to complete certain tasks and by a reduction in the number of tasks assigned to Plaintiff.

23. On or about March 30, 2018, Plaintiff requested to be assigned more tasks; however, Mr. Medvin inappropriately responded by informing her that "people of her kind cannot handle more tasks".

24. On or about April 24, 2018, and April 30, 2018, Plaintiff filed complaints of discrimination with the EEO of Broward County.

25. On or about June 6, 2018, Plaintiff attempted to attend a Consolidated Dispatch Team meeting run by Mr. Sabin. Upon his late arrival, Mr. Sabin loudly and sternly told Plaintiff to dismiss herself from that meeting (where five others were in attendance) and if she had questions as to his reasoning to ask Mr. Brett Bayag. When she inquired of Mr. Bayag whether this meant she was no longer part of the Consolidated Dispatch Team, he advised her he doesn't know but that it probably has to do with the case she filled against him (Mr. Sabin) and that she should just go back to her desk and work, which she did.

26. On or about July 6, 2018, another Consolidated Dispatch Team meeting was scheduled, but when Plaintiff attempted to attend and no one was present, she went to speak with Mr. Bayag again. Mr. Bayag first pretended there was no Consolidated Dispatch Team, then admitted that wasn't correct and told her the meeting wasn't happening because Mr. Sabin would not be in. Plaintiff again inquired as to whether she was still part of the Consolidated Dispatch Team. Mr. Bayag dismissed her and told her to go get work done.

27. On or about July 25, 2018, Mr. Bayag that she needed to prepare for and attend a meeting that was happening that same day. When Plaintiff informed Mr. Bayag that she had an appointment that day and asked why Defendant's position on her attendance at meetings had changed, she was told she needed to cancel her appointment, which she did. Due to

this lack of notice and unfair treatment, Plaintiff did not take a lunch until she left at 3:30 p.m. that day.

28. On August 3, 2018, only a few months after filing her EEO complaints, Plaintiff was unlawfully and wrongfully terminated. This termination was retaliatory in nature and followed several instances of discrimination.

29. Plaintiff subsequently filed the retaliation complaint of discrimination with the EEO of Broward County on or about August 17, 2018 (see attached).

30. Plaintiff never had any prior complaints about her job performance.

31. Plaintiff was never counseled about her job performance.

32. Plaintiff was never given a progressive disciplinary system against her.

33. Plaintiff was not within any probationary period of employment. She had been on a six-month probationary period rather than a one-year probationary period, so at the time of her termination (more than eight months after her employment start date with Defendant) she was not on probation.

34. In terminating Plaintiff, Defendant unlawfully and wrongfully retaliated against Plaintiff because of her gender/ sex and race as well as for her continued complaints of discrimination and a hostile work environment.

35. At all material times, Plaintiff claims a continuous practice of discriminatory treatment and a hostile work environment.

36. The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

37. Defendants exhibited a pattern and practice of not only discrimination but also retaliation.

38. At all times material, Defendant's supervisors/management acted with deliberate indifference to the discriminatory treatment and hostile work environment; and retaliation thereof.

39. As a result of Defendant's continued harassment of Plaintiff, she suffered numerous injuries including economic and emotional damages.

40. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

41. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

42. As Defendant's conduct has been malicious, reckless, willful, outrageous, and conducted with full knowledge of the law.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

43. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

44. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a):

    "Employer practices: It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

45. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender/sex.

46. The sexually harassing and discriminatory conduct directed at Plaintiff was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical and/or

6

psychological health, work performance and to create and intimidating, hostile and offensive working environment.

47. As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of the Title VII, Plaintiff suffered and will continue to suffer damages including lost wages and benefits, severe emotional distress, mental anguish, suffering, loss of dignity, humiliation, embarrassment, loss of reputation, and other pecuniary and non-pecuniary losses.

48. Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the Title VII.

49. Conduct of Defendants and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

50. Plaintiff has been damaged by the illegal conduct of Defendant.

## AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII

51. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

52. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to … discriminate against any of their employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

53. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because she opposed Defendant's unlawful employment practices.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

54. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in the above numerated paragraphs.

55. As a result of her gender/sex, Defendants subjected and permitted its employees to expose Plaintiff to discrimination and unlawful discharge.

56. The FCRA prohibits Defendant Company from discriminating against Plaintiff because of her gender/sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

57. On a consistent basis throughout the course of her employment, Plaintiff's supervisors made discriminatory comments about Plaintiff pertaining to her gender/ sex.

58. Defendants violated the FCRA by discriminating against Plaintiff and subjecting Plaintiff to an unlawful discriminatory and harassing environment based her gender/sex, of which the Defendants were fully aware of.

59. The discrimination directed at Plaintiff was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical and/or psychological health, work performance and to create and intimidating, hostile and offensive working environment.

60. As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of the FCRA, Plaintiff suffered and will continue to suffer damages including lost wages and benefits, severe emotional distress, mental anguish, suffering, loss of dignity, humiliation, embarrassment, loss of reputation, and other pecuniary and non-pecuniary losses.

61. Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the FCRA.

62. Conduct of Defendants and/or their agents deprived Plaintiff of her statutory rights guaranteed under state law.

63. Plaintiff has been damaged by the illegal conduct of Defendants.

## AS A FOURTH CAUSE OF ACTION FOR
## RETALIATION UNDER STATE LAW

64. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in the above numerated paragraphs.

65. On or around August 3, 2018, without notice, Defendants wrongfully and unlawfully terminated Plaintiff. Defendants terminated Plaintiff because of her objection to the comments made by her supervisors and in retaliation for her filing complaints with the EEOC due to her objections to that unlawful behavior.

66. At all times relevant, Plaintiff acted in good faith and with the objective and subjective belief that violations by Defendant's employees of FCRA had occurred.

67. At all times material, Defendants allowed the discriminatory practices to continue in the work environment.

68. At all times relevant, the unlawful discrimination by Defendant's employees against Plaintiff in the terms and conditions of her employment because she opposed a practice made unlawful by FCRA which would not have occurred but for that opposition.

69. Defendants engaged in unlawful employment practice prohibited by the FCRA by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

70. At all times relevant, Defendant's employees acted intentionally and with reckless disregard of Plaintiff's rights protected by FCRA.

71. At all material times, the employer exhibiting discriminatory conduct against Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with Defendants.

72. As a direct and proximate result of Defendant's intentional retaliatory conduct in violation of the FCRA, Plaintiff suffered and will continue to suffer damages including lost wages

and benefits, severe emotional distress, mental anguish, suffering, loss of dignity, humiliation, embarrassment, loss of reputation, and other pecuniary and non-pecuniary losses.

73. Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the FCRA.

74. Conduct of Defendants and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

75. Plaintiff has been damaged by the illegal conduct of Defendants.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including, but not limited to, all emotional distress, back pay and front pay, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:   December 23, 2019
         Miami, Florida

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

_____
Caroline H. Miller, Esquire
701 Brickell Avenue, Suite 1310
Miami, Florida 33131